UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No.: 1:24-cv-11562 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| AMELIA JOYCE INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**JOINT MOTION FOR
EXTENSION OF TIME TO COMPLETE DISCOVERY AND
EXTENSION OF PRETRIAL DEADLINES**

Pursuant to Pursuant to Fed. R. Civ. Procedure 6(b)(1), the parties respectfully request that the Court grant a one-month extension to complete expert discovery with a corresponding one-month extension of deadlines for dispositive motions and oppositions. In support, the parties submit the following information.

**A. Procedural Background**

1. This matter was commenced on June 17, 2024, by the United States. [ECF 1].

2. Defendants filed their Answers on September 20, 2024. [ECF 9, 10, and 11].

3. The next day, the Court issued a pretrial schedule with deadlines for completing fact discovery, expert disclosures, and pretrial filings. [ECF 12].

4. That schedule was modified by the Court on February 1, 2025, based on an assented-to motion for an extension of time to accommodate conflicting trial and deposition demands. [ECF 16, 17].

5. The parties have dutifully complied with the discovery deadlines imposed by the Court in its February 1, 2025, order [ECF 17], including completing the depositions of six fact witnesses and one expert witness before May 1, 2025.

6.	Following the disclosure on April 18, 2025, of the parties' intentions to rely on expert witness testimony [ECF 18, 19], the Court issued a revised case management order, including new deadlines for the completion of expert discovery and the filing of dispositive motions and oppositions.  [ECF 20].

7.	Additional time is necessary in this matter, during the busy summer holiday season and a planned paternity leave of counsel for the Defendants, to schedule and complete the deposition(s) of the additional expert witness(es) identified by the Defendants.

**B.  Argument**

The Court has "broad discretion" to allow motions to extend deadlines. *Macaulay v. Anas*, 321 F.3d 45, 49 (1st Cir. 2003); *see also Vineberg v. Bissonnette*, 548 F.3d 50, 54 (1st Cir. 2008); *Dynamic Image Techs., Inc. v. United States,* 221 F.3d 34, 38 (1st Cir. 2000).  Pursuant to Fed. R. Civ. Procedure 16(b)(4), the scheduling deadlines entered by the District Court may be extended on motion for good cause shown. Fed. R. Civ. P. 16(b)(4); *Somascan, Inc. v. Philips Med. Sys. Nederland*, B.V., 714 F.3d 62, 64 (1st Cir. 2013).  The "good cause" standard focuses on the diligence of the parties (or lack thereof) in completing discovery.  *Id*.

As set forth above, the parties have complied with all deadlines to date, have been in near weekly communication regarding scheduling, and have worked collegially and cooperatively to schedule and complete deposition(s).  Professional and personal scheduling conflicts for the attorneys handling this matter are the reason why expert discovery cannot be completed prior to July 25, 2025.  The parties propose and expect to complete the remaining expert deposition(s) before August 25, 2025.  Accordingly, it is respectfully submitted that good cause exists to extend the deadlines by one month for completion of expert discovery, and the filing of, and oppositions to, dispositive motions.

### C. Proposed Revised Case Management Deadlines

The Parties have conferred and propose the following one-month extension to the following dates in the Case Management Schedule:

**All expert discovery must be completed no later than 8/25/25.**

**Dispositive motions (if any) are due no later than 9/18/25, with Oppositions due no later than 10/18/25; a Reply may be filed only with leave of court.**

### LOCAL RULE 7.1(a)(2) CERTIFICATE

In accordance with Local Rule 7.1(a)(2) for the District of Massachusetts, counsel for the Plaintiff and Defendants conferred via in-person discussion and follow- up email on the need to extend expert discovery and pre-trial deadlines in this matter.

### CONCLUSION

For all the foregoing reasons, the parties respectfully request the Court grant the Joint Motion for Extension of one month to complete expert discovery and to extend pretrial deadlines.

FOR THE UNITED STATES:

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
U.S. Department of Justice
Environmental Enforcement Section


  /s/ C. A. Fiske
CATHERINE ADAMS FISKE
Senior Counsel (Bar No. 555967)
U.S. Department of Justice
Environment and Natural Resource Division
Environmental Enforcement Section
Boston, MA 02110
Phone: (617) 748-3399
addie.fiske@usdoj.gov

        LEAH FOLEY
        United States Attorney
        District of Massachusetts

        HILLARY HARNETT
        Assistant U.S. Attorney
        Office of the U.S. Attorney
        District of Massachusetts
        John Joseph Moakley Federal Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA 02110
        Phone: (617) 748-3252

OF COUNSEL:

LYDIA J. TEAL
Lieutenant, United States Coast Guard
Office of the Judge Advocate General
Claims and Litigation
2703 Martin Luther King Jr. Ave SE, Stop 7213
Washington, D.C.  20593-7213

        FOR THE DEFENDANTS

        CHALOS & CO, P.C.

        /s/ *Briton P. Sparkman by caf*
        Briton P. Sparkman, Esq.
        BBO No. 673450
        George M. Chalos, Esq. PHV
        55 Hamilton Avenue
        Oyster Bay, NY 11771
        PH: (516) 714-4300
        FX: (866) 702-4577
        bsparkman@chaloslaw.com
        gmc@chaloslaw.com

**CERTIFICATE OF SERVICE**

      I, Catherine Adams Fiske, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 6, 2025.

                                        */s/ C. A. Fiske*
                                        Catherine Adams Fiske